IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Derek Lionel Guess, #264168, | ) | C/A NO. 0:08-0151-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Ofc. Shanon Dean; Sgt. Norberto Mendez; | ) | |
| Lt. NFN Adams; and Cpt. Daniel Dubose,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. However, this court retains the authority to withdraw the reference and proceed to consider Defendants' motion to dismiss without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to a Magistrate Judge and proceeds to consider Defendants' dismissal motion. For the reasons stated below, the court **grants** Defendants' motion.[2]

---

[1] Defendant South Carolina Department of Corrections (SCDC) was dismissed from this action on February 13, 2008. Dkt. # 19.

[2] This matter was initially assigned to a magistrate judge for pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(d). The matter became unassigned as a result of the vacancy of one magistrate judge position and division transfer of the previously assigned magistrate judge. To avoid a resulting backlog in cases, the undersigned has elected to withdraw the reference in this matter and resolve the motion without a report and recommendation.

Additionally, on October 15, 2008, this court directed Plaintiff to indicate whether he wished to pursue this action. The court has received no communication from Plaintiff whether he wanted to pursue this action, but Plaintiff did file a notification of his current address. *See* Dkt. #59.

**MOTION TO DISMISS**

Defendants have moved to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must view the complaint in the light most favorable to Plaintiff and resolve every doubt in Plaintiff's favor. The plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with Plaintiff's allegations of fact. *Murray v. City of Milford,* 380 F.2d 468, 470 (2d Cir. 1967). However, the court may not consider conclusions of law or unwarranted deductions of fact. *Mylan Laboratories, Inc. v. Akzo*, *N.V.*, 770 F. Supp. 1053, 1059 (D.Md. 1991). It is also well-settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss. *Id*. at 1068.

**FACTS**

This matter arises from an incident which occurred August 22, 2007. At the time of the incident, Plaintiff was housed in Kershaw Correctional Institution. As a result of an incident on this date, Plaintiff was charged with two (2) SCDC disciplinary infractions. Plaintiff contends that the information contained in the incident reports was falsified, and that he experienced "racial discrimination." Compl. at 2 (Dkt. # 1, filed Jan. 9, 2008).

---

Therefore, out of an abundance of caution, this court addresses the merits of this matter.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Under the Prison Litigation Reform Act of 1995 (PLRA), as amended, prisoners must exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions. 42 U.S.C.A. § 1997e(a). The PLRA does not define the term "available," courts have generally afforded it its common meaning. Therefore, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81 126 S.Ct. 2378, 2385 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 2384. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

**CONCLUSION**

Plaintiff's complaint is defective for failure to exhaust administrative remedies. However, even if Plaintiff were to properly exhaust his administrative remedies and return to this court, he cannot overcome Defendants' motion to dismiss, as his complaint in this matter, even if liberally construed, fails to adequately state a claim against these Defendants. Therefore, for the reasons stated in Defendants' memorandum in support of the motion to dismiss, with which this court agrees, Defendants' motion to dismiss is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 31, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\08-151 Guess v. SCDC gr dism.wpd